

In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition and was considered in a manner prescribed by law. Upon consideration thereof, IT IS ORDERED by the court that said writ of prohibition be, and the same is hereby, granted.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

### Thursday, November 29, 1990

## MOTION DOCKET

**88-662.** State v. Dickerson. *Lucas County,* No. L-85-433. UPON CONSIDERATION of the motion filed by counsel for appellant to continue the stay of execution in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from the exhibits to the motion that a petition for post-conviction relief has been filed by appellant with the Lucas County Court of Common Pleas, IT IS ORDERED by the court that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and the same are hereby, stayed, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

**90-2274.** In re Jane Doe 1. *Hamilton County,* No. C-900825. Upon consideration of the motion for an order directing the Court of Appeals for Hamilton County to certify its record, and the claimed appeal as of right from said court, it is ordered by the court that said motion and the appeal are allowed.

IT IS FURTHER ORDERED that appellant's brief shall be filed on or before December 6, 1990, and that this cause be set for oral argument on December 11, 1990.

Sweeney, Wright and Resnick, JJ., dissent.

### Friday, November 30, 1990

## MERIT DOCKET

**90-1943.** State, ex rel. Lloyds Bank Plc., v. Hamilton Cty. Court of Common Pleas.

### Wednesday, December 5, 1990

## MOTION DOCKET

**88-1982.** State v. Moreland. *Montgomery County,* No. 9907. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies, IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective November 30, 1990.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.